UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21019cr-UNGARO

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 982

MAGISTRATE JUDGE
SIMONTON

UNITED STATES OF AMERICA

vs.

DAVID MARRERO,
MARIA VOLERO MARRERO,
   a/k/a "Marilyn Marrero,"
KEITH ERNEST HUMES,
and LAWRENCE EDWARD HUMES,
   a/k/a "Larry Humes,"

            Defendants.
_____/

FILED by ___ D.C.

DEC 10 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

### INDICTMENT

The Grand Jury charges that:

**General Allegations**

At all times relevant to this Indictment,

1.    The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were over the age of sixty-five or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.    Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).



3. Part B of the Medicare program covered a limited set of medications, including medications that were administered via injection or infusion and that were furnished as part of a physician service. Injection treatments involve the administration of medication by inserting a syringe directly into a vein, muscle or the fatty tissue beneath the skin. Infusion treatments involve the administration of medication through a catheter into the bloodstream. Medical clinics who met certain criteria could obtain Medicare provider numbers, which allowed them to submit claims directly to Medicare seeking reimbursement for the cost of injection and infusion treatments provided to eligible Medicare beneficiaries.

4. In order to receive payment from Medicare, a medical clinic was required to submit a health insurance claim form to Medicare. The claims could be submitted in hard copy or electronically. A medical clinic could contract with a billing company to transmit claims to Medicare on its behalf.

5. Medicare Part B was administered in Florida by First Coast Service Options, which, pursuant to contract with the United States Department of Health and Human Services, served as a contracted carrier to receive, adjudicate and pay Medicare Part B claims submitted to it by Medicare beneficiaries, physicians, or medical clinics administering injection and infusion treatments. Medicare Part B reimbursed medical clinics directly for the cost of injection and infusion treatments furnished to eligible Medicare beneficiaries, provided that those treatments were ordered by a licensed physician who certified that the treatments were medically necessary for the beneficiary.

6. Tendercare Medical Center, Inc. ("Tendercare") was a Florida corporation, doing business at 8353 SW 124th Street, Suite 105, Miami, Florida 33156. Tendercare was a medical

clinic that purported to provided injection and infusion treatments to HIV/AIDS patients. Tendercare was a Medicare provider and submitted claims to Medicare.

7. Defendant **DAVID MARRERO**, a resident of Miami-Dade County, Florida, was a managing employee and official of Tendercare.

8. Defendant **MARIA VOLERO MARRERO, a/k/a Marilyn Marrero**, a resident of Miami-Dade County, Florida, owned and controlled Tendercare.

9. Defendant **KEITH ERNEST HUMES** was a resident of Broward County, Florida.

10. Defendant **LAWRENCE EDWARD HUMES, a/k/a Larry Humes**, was a resident of Miami-Dade County, Florida.

## COUNT 1
### Health Care Fraud Conspiracy
### (18 U.S.C. § 1349)

1. Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or around February 2004, and continuing through in or around June 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DAVID MARRERO,**
**MARIA VOLERO MARRERO,**
a/k/a "Marilyn Marrero,"
**KEITH ERNEST HUMES,**
and
**LAWRENCE EDWARD HUMES,**
a/k/a "Larry Humes,"

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting

commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

3. It was a purpose of the conspiracy for **DAVID MARRERO, MARIA VOLERO MARRERO, KEITH ERNEST HUMES,** and **LAWRENCE EDWARD HUMES** and their co-conspirators to unlawfully enrich themselves by, among other things: (a) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of using the beneficiaries' Medicare numbers to file claims for injection and infusion treatments; (b) submitting false and fraudulent claims to Medicare; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **DAVID MARRERO** and **MARIA VOLERO MARRERO** would obtain and maintain a valid Medicare provider number for Tendercare in order to submit false and fraudulent claims to Medicare for the cost of injection and infusion treatments that were medically unnecessary and were not provided.

5. **DAVID MARRERO** and **MARIA VOLERO MARRERO** would control the day-to-day operations of Tendercare.

6. **MARIA VOLERO MARRERO** would offer and pay cash kickbacks and bribes to Medicare beneficiaries who would provide Medicare numbers and other information for the purpose of submitting false and fraudulent claims to Medicare for injection and infusion services purportedly rendered at Tendercare.

7. **MARIA VOLERO MARRERO** would offer and pay cash kickbacks and bribes to **KEITH ERNEST HUMES, LAWRENCE EDWARD HUMES** and other co-conspirators to recruit Medicare beneficiaries who would provide their Medicare numbers and other information for the purpose of submitting false and fraudulent claims to Medicare for injection and infusion services purportedly rendered at Tendercare.

8. **KEITH ERNEST HUMES** and **LAWRENCE EDWARD HUMES** would recruit Medicare beneficiaries who would provide their Medicare numbers and other information for the purpose of submitting false and fraudulent claims to Medicare for injection and infusion services purportedly rendered at Tendercare.

9. **DAVID MARRERO** would alter the blood samples of Medicare beneficiaries and would instruct other co-conspirators to alter the blood samples of Medicare beneficiaries, in order to make the beneficiaries' lab results appear to support the need for certain injection and infusion services payable by Medicare.

10. Another co-conspirator physician would conduct a cursory examination of the Medicare beneficiaries and would sign the required documentation, including medical and billing records, in order to make it appear that the injection and infusion treatments billed by Tendercare

were medically necessary, when in fact they were not, and to make it appear that the treatments were actually provided, when in fact they were not.

11.    Tendercare employee co-conspirators would purport to provide injection or infusion treatments to Tendercare patients, which they did not in fact provide.

12.    **DAVID MARRERO, MARIA VOLERO MARRERO**, and other co-conspirators would fabricate medical and billing records which falsely and fraudulently stated that Tendercare patients had received specific dosages of medications by injection and infusion, when, in fact, the patients had not received the treatments and medications reflected on those documents.

13.    **DAVID MARRERO** and **MARIA VOLERO MARRERO** would cause Tendercare to submit false and fraudulent claims to Medicare for injections and infusion treatments, including claims for more medication than actually had been purchased from wholesalers.

14.    **DAVID MARRERO** and **MARIA VOLERO MARRERO** would cause Tendercare to submit false and fraudulent claims for approximately $5,836,794 to Medicare for the cost of injection and infusion treatments.

15.    The defendants would then transfer and disburse, and cause the transfer and disbursement of, monies in Tendercare's corporate bank account to themselves and others.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-5
### Health Care Fraud
### (18 U.S.C. § 1347)

1.    Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

-7-

2. From in or around February 2004, and continuing through in or around December 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DAVID MARRERO
and
MARIA VOLERO MARRERO,
a/k/a "Marilyn Marrero,"**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for **DAVID MARRERO** and **MARIA VOLERO MARRERO** to unlawfully enrich themselves by, among other things: (a) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of using the beneficiaries' Medicare numbers to file claims for injection and infusion treatments; (b) submitting false and fraudulent claims to Medicare; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (d) diverting proceeds of the fraud for their personal use and benefit.

## The Scheme and Artifice

4.     Paragraphs 4 through 15 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## Acts or Attempted Acts in Execution of the Scheme and Artifice

5.     On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DAVID MARRERO
and
MARIA VOLERO MARRERO,
a/k/a "Marilyn Marrero,"**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program:

| Count | Medicare Beneficiary | Approx. Date of Alleged Service | Approx. Date of Claim | Purported Services; Approx. Amount Billed; HCPCS Code |
|---|---|---|---|---|
| 2 | L.P. | 4/26/05 | 4/26/05 | Gamma globulin injection; $10,500 (J1550) |
| 3 | A.F. | 10/15/05 | 10/17/05 | Pegfilgastrim injection; $2,400 (J2505) |
| 4 | R.C. | 3/15/07 | 3/21/07 | Amifostine injection; $1,650; (J0207) |
| 5 | D.A. | 9/06/07 | 9/07/07 | Cidofovir injection; $1,850; (J0740) |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 6
### Money Laundering Conspiracy
### (18 U.S.C. § 1956(h))

1.   From in or around January 2005, and continuing through in or around December 2007, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DAVID MARRERO**
**and**
**MARIA VOLERO MARRERO,**
**a/k/a "Marilyn Marrero,"**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit a violation of Title 18, United States Code, Section 1957, that is: to knowingly engage in a monetary transaction affecting interstate commerce, involving criminally derived property of

a value greater than $10,000, and such property having been derived from specified unlawful activity.

2.  It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 7
### Money Laundering
### (18 U.S.C. § 1957)

1.  On or about May 31, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DAVID MARRERO**
and
**MARIA VOLERO MARRERO,**
a/k/a "Marilyn Marrero,"

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, involving criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, the monetary transaction being the withdrawal of funds using check number 1037 in the amount of $13,000, drawn on Tendercare's Wachovia Bank account xxxxxx4219 in Miami-Dade County, Florida, made payable to **DAVID MARRERO.**

2.  It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS 8-13
## Money Laundering
## (18 U.S.C. § 1957)

1.  On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIA VOLERO MARRERO,**
a/k/a "Marilyn Marrero,"

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, involving criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity:

| Count | Approximate Date of Transaction | Description of Monetary Transaction |
|---|---|---|
| 8 | 10/13/2005 | The withdrawal of funds using check number 1162 in the amount of $50,000, drawn on Tendercare's Wachovia Bank account xxxxxx4219 in Miami-Dade County, Florida, made payable to **MARIA VOLERO MARRERO.** |
| 9 | 10/13/2005 | The withdrawal of funds using check number 1161 in the amount of $50,000, drawn on Tendercare's Wachovia Bank account xxxxxx4219 in Miami-Dade County, Florida, made payable to Physician A. |
| 10 | 3/31/2006 | The withdrawal of funds using check number 1332 in the amount of $20,000, drawn on Tendercare's Wachovia Bank account xxxxxx4219 in Miami-Dade County, Florida, made payable to **MARIA VOLERO MARRERO.** |
| 11 | 3/17/2006 | The withdrawal of funds using check number 1328 in the amount of $20,000, drawn on Tendercare's Wachovia Bank account xxxxxx4219 in Miami-Dade County, Florida, made payable to Physician A. |
| 12 | 9/07/2007 | The withdrawal of funds using check number 1851 in the amount of $25,000, drawn on Tendercare's Wachovia Bank account xxxxxx4219 in Miami-Dade County, Florida, made payable to **MARIA VOLERO MARRERO.** |

| 13 | 9/07/2007 | The withdrawal of funds using check number 1852 in the amount of $25,000, drawn on Tendercare's Wachovia Bank account xxxxxx4219 in Miami-Dade County, Florida, made payable to Physician A. |

2. It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1957 and 2.

### FORFEITURE
### (18 U.S.C. § 982)

1. The allegations contained in Counts 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1349 or Title 18, United States Code, Section 1347, the defendants **DAVID MARRERO, MARIA VOLERO MARRERO, KEITH ERNEST HUMES** and **LAWRENCE EDWARD HUMES** shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. Upon conviction of any violation of Title 18, United States Code, Section 1956 or Title 18, United States Code, Section 1957, defendants **DAVID MARRERO** and **MARIA VOLERO MARRERO** shall forfeit to the United States any property real or personal, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

-13-

4. The property which is subject to forfeiture, includes but is not limited to, a money judgment in the amount of $2,719,438, which represents the gross proceeds of the fraud.

5. Pursuant to Title 21 United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred, or sold to, or deposited with a third party;

    (C) has been placed beyond the jurisdiction of the Court;

    (D) has been substantially diminished in value; or

    (E) has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not

limited to, any identifiable property in the name of **DAVID MARRERO, MARIA VOLERO MARRERO, KEITH ERNEST HUMES** and **LARRY EDWARD HUMES**.

All pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(7) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

_____
KIRK OGROSKY
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
MARTHA TALLEY
SPECIAL TRIAL ATTORNEY
MICHAEL PADULA
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| DAVID MARRERO, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| MARIA VOLERO MARRERO | Case Information: |
| a/k/a "Marilyn Marrero," | |
| KEITH ERNEST HUMES, and | |
| LAWRENCE EDWARD HUMES, | |
| a/k/a "Larry Humes" | |
| **Defendants.** / | |

**Court Division**: (Select One)   New Defendant(s)   Yes ____   No _X_
                                    Number of New Defendants ____
_X_ Miami   ____ Key West          Total number of counts ____
____ FTL    ____ WPB   ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _Yes_
   List language and/or dialect   _Spanish_

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                 (Check only one)
   I    0 to 5 days      _X_       Petty       ____
   II   6 to 10 days     ____      Minor       ____
   III  11 to 20 days    ____      Misdem.     ____
   IV   21 to 60 days    ____      Felony      _X_
   V    61 days and over ____

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   ____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   _X_ No

_____
Martha Talley
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5501379

*Penalty Sheet(s) attached                                        REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: David Marrero

**Case No**: _____

Count #: 1

Health Care Fraud Conspiracy

Title 18 U.S.C. § 1349

* Max.Penalty:   10 years' imprisonment

Counts #: 2 - 5

Health Care Fraud

Title 18 U.S.C. §§ 1347 and 2

*Max. Penalty:   10 years' imprisonment as to each Count

Count #: 6

Money Laundering Conspiracy

Title 18 U.S.C § 1956(h)

*Max. Penalty:   10 years' imprisonment

Count #: 7

Money Laundering

Title 18 U.S.C. §§ 1957 and 2

*Max. Penalty:   10 years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Maria Volero Marrero a/k/a Marilyn Marrero

**Case No:** _____

Count #: 1

Health Care Fraud Conspiracy

Title 18 U.S.C. § 1349

* **Max. Penalty:** 10 years' imprisonment

Counts #: 2 - 5

Health Care Fraud

Title 18 U.S.C. §§ 1347 and 2

*** Max. Penalty:** 10 years' imprisonment as to each Count

Count #: 6

Money Laundering Conspiracy

Title 18 U.S.C § 1956(h)

*** Max. Penalty:** 10 years' imprisonment

Counts #: 7 - 13

Money Laundering

Title 18 U.S.C. §§ 1957 and 2

*** Max. Penalty:** 10 years' imprisonment as to each Count

*****Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Keith Ernest Humes

**Case No**: _____

Count #: 1

Health Care Fraud Conspiracy

Title 18 U.S.C. § 1349

* **Max.Penalty**:   10 years' imprisonment

Count #:

\*Max. Penalty:

Count #:

\*Max. Penalty:

Count #:

\*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Lawrence Edward Humes a/k/a Larry Humes

**Case No:** _____

Count #: 1

Health Care Fraud Conspiracy

Title 18 U.S.C. § 1349

* Max.Penalty: 10 years' imprisonment

Count #:



*Max. Penalty:

Count #:



*Max. Penalty:

Count #:



*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.