UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21019-CR-UNGARO

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.

**DAVID MARRERO,**
**(Reg. #14433-004),**

 Defendant.
_____/

## ORDER GRANTING MOTIONS TO WITHDRAW
## AND APPOINTING COUNSEL FOR PURPOSES OF APPEAL

 **Presently pending** before the Court are Motions to Withdraw (DE ## 165, 166), filed by retained counsel for Defendant David Marrero. Both counsel seek to withdraw, and request that the Court appoint counsel to represent Mr. Marrero on appeal. The motion is referred to the undersigned Magistrate Judge (DE # 169).

 Pursuant to Local Rule 88.7, on September 3, 2010, an evidentiary hearing was held in this matter. Initially, a sealed hearing was held to determine whether retained counsel should be permitted to withdraw. Thereafter, an unsealed hearing was held to determine whether Mr. Marrero was indigent and qualified for the appointment of counsel pursuant to the Criminal Justice Act. For the reasons stated on the record at the hearing, the Motions to Withdraw as retained counsel are granted, the Defendant is declared indigent, and Mark C. Katzef, Esq. is appointed to represent the Defendant for purposes of appeal pursuant to the Criminal Justice Act.

 The hearing was conducted pursuant to the provisions of Local Rule 88.7, which provides, in pertinent part:

  In cases where the defendant moves the court to proceed in forma

pauperis on appeal, or for appointment of Criminal Justice Act appellate counsel, the Court will consider, in passing upon such applications, factors such as (a) the defendant's qualified Sixth Amendment right to counsel of choice, recognizing the distinction between choosing a trial lawyer and choosing an appellate lawyer; (b) the contract between the defendant and trial counsel; (c) the defendant's present financial condition and ability to have retained only trial counsel; (d) retained counsel's appellate experience; (e) the financial burden that prosecuting the appeal would impose upon trial counsel, in view of the fee received and the professional services rendered; and (f) all other relevant factors, including any constitutional guarantees of the defendant.

The rule further provides:

> In assessing whether the legal fees previously paid to defense counsel should reasonably encompass appellate representation . . . the Court is to consider the following factors as guides in determining the reasonableness of the fee: (a) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service proffered; (b) the likelihood that the acceptance of the particular employment precluded other employment by the lawyer; (c) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (d) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (e) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (f) the nature and length of the professional relationship of the client; and (g) the experience, reputation, diligence and ability of the lawyer or lawyers performing the service and the skill, expertise or efficiency of efforts reflected in the actual providing of such services.

Based upon the proceedings in court, including the testimony of attorneys Scott Egleston, Esq. and Stephen Rosenthal, Esq., and the Defendant David Marrero; and, an examination of the above factors, and for the reasons stated on the record, the undersigned finds that the Defendant is currently unable to afford appellate counsel, that trial counsel entered an appearance for trial only, and that the total fee paid by the Defendant to both counsel was below market value and was exceptionally reasonable under the circumstances of this case. Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Motions to Withdraw filed by Scott

Egleston, Esq. (DE # 165) and Stephen Rosenthal, Esq. (DE # 166) are **GRANTED**, and they are relieved of responsibility as retained counsel, except that they shall cooperate with court-appointed counsel who is taking over this case.  It is further

**ORDERED AND ADJUDGED** that Defendant's request to be declared indigent is **GRANTED**.  Mark C. Katzef, Esq., is appointed to represent the Defendant on appeal, pursuant to the Criminal Justice Act.

**DONE AND ORDERED** in Miami, Florida on this 3rd day of September, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record